2024 IL App (1st) 221525-U
Nos. 1-22-1525 & 1-22-1526 (cons.)
Order filed August 9, 2024

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| US BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as owner and trustee for VRMG Asset Trust, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | Nos. 16 CH 16200 & 14 CH 20271 |
| v. | ) ) ) | The Honorable |
| MARZIEH BASTANIPOUR, | ) ) | Freddrenna M. Lyle, Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Sharon O. Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court order confirming judicial sale is affirmed, as appellant was provided proper notice of the sale and the sale was not fraudulent or unconscionable.

¶ 2    Marzieh Bastanipour appeals *pro se* from an order confirming the judicial sale of her property under the Illinois Mortgage Foreclosure Law (IMFL) (735 ILCS 5/15-1501 *et seq.* (West 2022)). She argues the trial court erred in confirming the sale because (i) the lender did not provide proper notice of the sale when it notified her attorney, who withdrew from the case and did not re-notice her after the sale date changed, (ii) the terms of the sale were

unconscionable, (iii) the sale was fraudulently conducted, and (iv) justice was not served because she was deprived of $395,000 in equity. We affirm. Notice was proper under section 15-1507(c) of the IMFL (735 ILCS 5/15-1507(c)(West 2022)), and her other arguments are not supported by the record or grounds for reversing the order confirming the sale.

¶ 3                                    Background

¶ 4        Bastanipour took out a loan from Wells Fargo Bank, N.A., in 2008 to purchase a condominium unit. On December 18, 2014, Wells Fargo sought to foreclose after Bastanipour fell behind on payments. The trial court granted summary judgment in favor of Wells Fargo and entered a judgment of foreclosure and sale. The property was sold at a judicial sale in June 2016, but the sale was vacated because Wells Fargo failed to serve notice on Bastanipour properly. Wells Fargo sent the notice to Bastanipour's address listed on the mortgage documents, but in the interim, her condo association evicted her for failing to pay assessments.

¶ 5        After years of delay, Specialized Loan Servicing Inc., as Wells Fargo's assignee, was substituted as plaintiff and sent a notice of sale on November 21, 2021, to Bastanipour's attorney, scheduling the foreclosure sale for December 16, 2021. Bastanipour filed a *pro se* emergency motion to stay the sale. The trial court denied a stay on January 4, 2022. The court also granted Specialized's oral motion to clarify, noting that Bastanipour's attorney had withdrawn and that all future notices be sent to Bastanipour's P.O. Box and email addresses.

¶ 6        The rescheduled judicial sale occurred on February 8, 2022. According to the report of sale, the amount due on the loan was $348,603 plus nearly $195,000 in interest and costs. The successful bid was $420,000, leaving a deficiency of about $124,000. Two days later, Specialized moved for an order approving the sale. Bastanipour filed a *pro se* response arguing, in part, that (i) the notice of sale sent to her attorney was improper because he no longer

represented her at the time of the sale; (ii) the terms of the sale were unconscionable and the sale was fraudulently conducted because the condo association failed to make repairs on her unit, which prevented her from refinancing or selling the unit and deprived her of equity she had accrued, which she claimed was $395,000. On September 30, 2022, the trial court confirmed the sale, finding that notice was proper and all other statutory requirements were met. The court also substituted US Bank Trust, N.A., as plaintiff.

¶ 7     Bastanipour filed a timely *pro se* appeal and a second nearly identical appeal five days later. US Bank moved to consolidate the appeals, which we granted.

¶ 8                                     Analysis

¶ 9     Section 15-1508(b) of the Illinois Mortgage Foreclosure Law provides that a trial court shall confirm a judicial sale unless (i) a notice as required by section 15-1507(c) was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2022). We review a decision to approve a judicial sale for an abuse of discretion. *Citimortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶15. "A circuit court abuses its discretion when its ruling rests on an error of law or where no reasonable person would take the view adopted by the circuit court." *Id.*

¶ 10                                Notice Was Proper

¶ 11    If a foreclosure sale is not in compliance with section 15-1507(c), the party who was entitled to notice and "who was not so notified may, by motion supported by affidavit made prior to confirmation of such sale, ask the court which entered the judgment to set aside the sale." 735 ILCS 5/15-1508(c) (West 2022). Two types of notice are required by section 15-1507(c): (i) public notice and (ii) individual notice to all parties in the action who have appeared and have not been found in default. 735 ILCS 5/15-1507(c)(2), (3) (West 2022). As

to individual notice, the statute provides that "notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale." 735 ILCS 5/15-1507(c)(3) (West 2022). After notice is given, "a copy thereof shall be filed in the office of the clerk of the court entering the judgment, together with a certificate of counsel or other proof that notice has been served in compliance with this Section." *Id.*

¶ 12      Illinois Supreme Court Rule 11 sets several means of proper service, including that "[i]f a party is represented by an attorney of record, service shall be made upon the attorney." See Ill. S.Ct. R. 11 (eff. July 1, 2021). The record shows Specialized served the notice of sale to Bastanipour's attorney of record, Forrest Ingram, on November 24, 2021, stating the sale would occur on December 16, 2021. (According to the Cook County Circuit Court Online Case Search, of which we may take judicial notice, the trial court entered an order on January 4, 2022, stating Ingram had withdrawn.) The sale was postponed until February 8, 2022, and Bastanipour contends Specialized was required to send notice of the new sale date to her personally because her attorney had withdrawn, and the trial court ordered that all future notices be sent to Bastanipour's P.O. Box Address. We disagree.

¶ 13      Section 15-1507(c)(4) of the IMFL (735 ILCS 5/15-1507(c)(4) (West 2022)) states that no additional notice is required if a rescheduled sale is to occur less than 60 days after the last scheduled sale date, which is what happened here. The sale was initially scheduled for December 16, 2021, and was held less than 60 days later, on February 8, 2022. Although Bastanipour correctly notes that in the interim, the trial court ordered Specialized to serve Bastanipour personally going forward, the initial notice to her attorney of record was proper under section 15-1507(c) (735 ILCS 5/15-1507(c) (West 2022)) and additional notice was not

required. Also, Bastanipour filed a *pro se* emergency motion to stay the sale, which the trial court denied on January 4, 2022, indicating that she had notice within 60 days of the new date.

¶ 14                         Judicial Sale Was Not Fraudulent or Unconscionable

¶ 15       Bastanipour's remaining claims, that the terms of the sale were unconscionable, the sale was fraudulent, and justice was not done, center around her contention that the property was worth more than $700,000 and that she had $395,000 in equity that she never received. She asserts that the condo association prevented her from refinancing by failing to make necessary repairs and then evicting her. And Wells Fargo mishandled her escrow account. She suggests these actions reduced the property's value and deprived her of equity.

¶ 16       Her allegations are conclusory and not supported by evidence. The successful bid at the judicial sale was $420,000, leaving a deficiency of about $124,000. Nothing in the record shows the property was valued at $700,000. Further, even accepting Bastanipour's contention that the sales price was inadequate, "[i]n the absence of mistake, fraud, or a violation of duty by the officer conducting the sale, the circuit court should not refuse to confirm a judicial sale simply because the proposed sale price is less than the fair market value of the property." *T2 Expressway, LLC v. Tollway, L.L.C.*, 2021 IL App (1st) 192616, ¶ 26.

¶ 17       Bastanipour's other arguments for alleged fraud are unrelated to the conduct of the judicial sale, namely, against the condo association regarding her eviction, and Wells Fargo for mishandling her escrow account. Bastanipour makes no allegations of actual fraud or unconscionable conduct concerning the sale itself and fails to present evidence showing justice was not otherwise done, as required to deny a motion to confirm. *See* 735 ILCS 5/15-1508(b) (West 2022). The trial court did not abuse its discretion by confirming the judicial sale.

¶ 18       Affirmed.